### OHIO CASUALTY INS CO et v HUNT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1374. Decided June 25, 1936

Edwin B. Pierce, Hamilton, and Harold Shellenberger, Dayton, for plaintiffs in error.

Barger & Orendorf, Dayton, for defendant in error.

### OPINION

By BODEY, J.

In this proceeding plaintiffs in error seek to reverse a judgment rendered against them by the Court of Common Pleas. Defendant in error was plaintiff below and plaintiffs in error were defendants. We will refer to the parties as they appeared in the trial court.

The issues were made by the separate answers of the defendants filed to the second amended petition of the plaintiff.

The second amended petition contained two causes of action. In his first cause of action plaintiff averred that the defendant Oswald, was a duly elected, qualified and acting constable of Jefferson Township, Montgomery County, Ohio; that on July 18, 1932, said defendant, under color of his said office but without due process of law, entered upon plaintiff's premises and removed therefrom 90 bushels of wheat which was the property of plaintiff; and that said defendant, Oswald, still withholds said property from plaintiff to his damage in the sum of $5000.00. Plaintiff incorporates these allegations in his second cause of action and further avers that the defendant, The Ohio Casualty Insurance Company, is surety upon the official bond of the defendant, Oswald, which bond was conditioned for the faithful and diligent performance of his duties as such constable; that said defendant, Oswald, failed to perform his duites faithfully and diligently by reason of the removal of said wheat and thereby caused a breach of said bond. Plaintiff, therefore prayed for a judgment against each of said defendants in the sum of $5000.00.

The answer of the defendant, The Ohio Casualty Insurance Company, was a general denial.

The defendant, Oswald, admitted in his answer that he was the duly elected, qualified and acting constable of said township on July 2, 1932, and then denied the remaining averments of the second amended petition.

Trial was had to a jury which returned a verdict against the defendants in the sum of $750.00.

Upon motion for a new trial, a remittitur in the sum of $214.00 was ordered by the trial court. This remittitur being accepted by plaintiff, the motion for new trial was overruled and judgment was entered against the defendants in the sum of $536.00.

The defendants join in the petition in error. Seven grounds of error are speci-

fied in this petition. However, both orally and in the brief, counsel argue but one proposition, viz: Error in the general charge of the court which renders the judgment contrary to law.

The evidence showed that the defendant, Oswald, did remove 100 bushels of wheat from the barn of plaintiff as the property of one Frank Gitzinger; that said wheat was worth $36.00; that plaintiff claimed to have purchased said wheat from Gitzinger prior to the date of its removal from his barn; that the constable claimed that he executed an attachment on the wheat prior to the time of its purchase by plaintiff; that a writ of attachment had been regularly issued to said constable before plaintiff received possession of said wheat; that the constable did not have the wheat appraised at the time and did not have it removed from the premises of the debtor; that, later on, the wheat was appraised and sold on execution; that no return was ever made on the attachment but the sale on execution was shown on the return to the execution.

During the progress of the trial, The Ohio Casualty Insurance Company admitted that it executed the official bond on behalf of its co-defendant, Oswald. While the bond was not introduced in evidence, we conclude, in view of the admission of its execution, that this was a bond such as is contemplated by §3328 GC. That section reads as follows:

"Before entering upon the discharge of his duties each constable shall give bond to the State in a sum not to exceed Two Thousand Dollars, nor less than Five Hundred Dollars, with sureties resident of the Township conditioned for the faithful and diligent discharge of his duties. The amount of such bond and sureties therein shall be approved by the Trustees. Such bond shall be deposited with the Township Clerk."

Under the provisions of §9573 GC a Surety Company, such as the Ohio Casualty Insurance Company, is authorized to become surety of a township officer. We, therefore, assume that the bond of the constable in this case was conditoined 'for the faithful and diligent discharge of his duties' as such.

The court in its general charge instructed the jury that exemplary damages might be awarded if the jury found present in the actions of the constable malice, either actual or constructive. We quote from the court's charge to the jury as follows:

"If you should find for the plaintiff, the measure of damages in this case would be the value of the wheat so removed, but if you should further find that there was malice on the part of the constable, then you would be permitted to award what is known as exemplary or punitive damages in addition to the actual factual compensation.

In charging you upon damages, as the court has often instructed you, the court is expressing no opinion as to whether damages should or should not be awarded, but is required under the law to advise you as to the measure of damages, shou'd you find for the plaintiff. Exemplary damages may be awarded in those cases where there is malice, either actual or constructive malice. Actual malice means ill feeling, or hatred, or spite. In trying to determine whether there was any such feeling, you will review the evidence as to the conferences between the parties, and all the facts and circumstances in the case. If you find that there was malice, then, if it be actual malice, you would be justified in awarding exemplary damages, if you award damages at all.

If there is not actual malice, then there may be at law what is known as constructive or legal malice. That is, if the constable proceeded in reckless or wanton disregard of the rights of the plaintiff, then you would be justified in finding, if all the eivdence so indicates, that he was in fact acting in malice. If he was, you may make such allowance for that as may seem in your judgment to be proper under the evidence and the law. In that aspect, of course, there may be an allowance for the expense of the attorneys in the case, although it will not be determined separately. It will be a part of the exemplary damages."

Counsel for the defendants contend that the defendant, The Ohio Casualty Insurance Company, under its bond was only liable for compensatory damages and that the court should have instructed the jury that it might not make an award against the surety to cover punitive or exemplary damages. We do not find that this precise question has been decided by the Supreme Court or by any Appellate Court of this State. The proposition has been determined, however, insofar as it affects the relationship of master and servant or principal and agent. The following quotation from Ohio Jurisprudence states that rule:

"The theory is that punitive damages can only be awarded against one who has participated in an offense; therefore, a principal cannot be held liable for exemplary or punitive damages by reason of oppressive or malicious conduct or intent on the part of the agent—punished for the latter's personal guilt,—unless he authorized, ratified, or acquiesced in the wrongdoing of the agent."

The references in support of this statement of the law sustain it. We are of opinion that the theory applicable to the non-allowance of exemplary damages in cases of agency should apply with equal force to the relationship of principal and surety. This is the doctrine upheld by the courts of this country generally. The Supreme Courts of various states have announced such a rule. Recent cases are collected in the annotations appearing in 64 A.L.R., 934. The author there says:

"The weight of authority is to the effect that, unless the statute directs to the contrary, sureties upon official bonds are liable only for actual damages which one may sustain, resulting from a breach of the bond, and not damages that may be awarded by way of punishment of the principal."

The only Ohio case cited in this note is that of **Almond v Rubenstein et, 25 N.P. (N.S.), 101.** The case was decided by the Common Pleas Court of Hamilton County, Judge Darby writing the opinion. We have read this case with care. The situation presented was quite analagous to the case at bar. The action was against a prohibition agent and the surety on his bond. The trial court had instructed the jury on the question of exemplary damages without separating the liability of the defendants. In granting a motion for new trial, Judge Darby held that the surety was liable for compensatory damages only if and when the principal failed to faithfully and diligently discharge his official duties, that it was the duty of the court to so have charged the jury and that the surety defendant had not waived its right to such a charge by failing to call the court's attention to this error in its charge or by failing to request at the time that it so instruct.

The conclusion reached in this case by Judge Darby is correct on principle. It 's right proper and just that a surety on an official bond should be held to answer for actual damages which have been incurred through the default of the officer and that the party injured should be made whole by an award of compensatory damages. It is

equally right and proper that an officer should be penalized and held ▆▆▆ ▆ personally in punitive or exemplary damages if his unlawful actions have been malicious, fraudulent or insulting. It is not right nor is it consonate with principles of justice that a surety should be held in punitive or exemplary damages on its bond for malicious, fraudulent or insulting actions of its principal when it has not joined in, authorized or ratified those actions. It is our opinion that the trial court erred to ▆▆▆▆ ▆ the prejudice of the defendant, The Ohio Casualty Insurance Company, in giving to the jury that portion of its general charge above set forth.

The undisputed evidence shows that the wheat had a market value of $36.00 at the time that it was taken from plaintiff by the constable. The evidence concerning the perfecting of the attachmnet is in conflict. The jury could have concluded from the evidence that the constable did not hold this wheat under attachment process issued against the debtor, Gitzinger, prior to its purchase by plaintiff. The evidence does not show that the constable, in the presence of two persons, declared that he was attaching said wheat or that the wheat was appraised by two householders or that the appraisement was filed in court as is provided by law. Under the evidence the jury was well within its province in finding against the constable in the case at bar and in rendering against him a verdict which carried an award of punitive or exemplary damages. A judgment rendered against the constable may, therefore, be supported by the evidence and the law. However, the surety should not be called upon to respond to the plaintiff for an amount greater than the actual damages established, to-wit, $36.00.

We find no errors in the admission of evidence as affecting either defendant. The court did not err in any of the particulars set forth in the petition in error as far as the defendant, Oswald, was concerned. The court did err in overruling the motion for a new trial and in rendering judgment against the defendant, The Ohio Casualty Insurance Company, for more than $36.00 and in its charge to the jury on punitive damages as affecting said defendant. The judgment as to the defendant, Oswald, is affirmed. As to the other defendant, The Ohio Casualty Insurance Company, judgment should have been rendered under the law and the evidence for $36.00 and costs. Since the only compensatory damages

claimed by plaintiff are established by the uncontradicted evidence it is not necessary that the cause be reversed for error in the charge but the judgment may be reduced in amount. The judgment of the trial court as affecting The Ohio Casualty Insurance Company, is reduced to $36.00 and costs and said cause is otherwise affirmed as to it. Exceptions.

HORNBECK, J, concurs.

BARNES, PJ.

I concur in the majority opinion but think we should go farther and determine that the judgment against the constable, Oswald, should be reduced to $36.00.

It is my theory that the petition does not set out adequate allegations supporting a claim for punitive damages. The authorities are very clear that it is not necessary to claim punitive or exemplary damages as such, but the petition must affirmatively set out such facts as are a necessary predicate for punitive damages.

I am also of the opinion that the evidence as a whole absolutely fails to support any claim for punitive damages.