TROYER, APPELLEE, *v.* HORVATH, APPELLANT.

(No. 46530—Decided November 14, 1983.)

*Mr. Wallace R. Steffen,* for appellee.

*Dyson, Schmidlin & Foulds Co., L.P.A.,* and *Mr. Robert J. Foulds,* for appellant.

PRYATEL, J. The case comes to us on appeal from a judgment ordering defendant, Personal Service Insurance Company, to pay $2,000 in punitive damages on behalf of defendant, Frank Horvath. For the following reasons, we reverse and remand.

Plaintiff, Sandra Troyer, was injured in 1977 when the automobile she was driving was struck from behind by an automobile driven by defendant Horvath. Horvath admitted that the accident was his fault and that he was intoxicated at the time. Hence, the only issue to be resolved was that of damages.

The case was originally referred to an arbitration panel which found for plaintiff Sandra Troyer in the amount of $3,000 as compensatory damages and $3,000 as punitive damages.[1] Defendants appealed this award and a trial *de novo* was held at which a jury found for plaintiff in the amount of $10,000. Defendants then moved for a new trial claiming that the verdict was excessive and that the jury had been influenced by passion or prejudice. The trial court agreed and granted a new trial on September 10, 1980. Plaintiff thereafter appealed that decision to this court. We affirmed the trial court's action, based on an error in the charge to the jury. See *Troyer* v. *Horvath* (July 2, 1981), Cuyahoga App. No. 42917, unreported. Another trial was held which resulted in a jury verdict for plaintiff in the amounts of $3,000 as compensatory damages and $2,000 as punitive damages.

Plaintiff then filed a supplemental complaint naming as a defendant and seeking payment from the surety, Personal Service Insurance Company. The trial court found for plaintiff on the supplemental complaint and ordered Personal Service to pay the entire $5,000 judgment, stating that Personal Service could then recover the entire amount from the principal, Horvath. Personal Service paid the $3,000 awarded as compensatory damages, but refused to pay the remaining $2,000 awarded as punitive damages and now appeals that judgment, citing two assignments of error:

Assignments of Error Nos. I and II

"I. The trial court erred in granting judgment for plaintiff on its supplemental complaint which sought to hold defendant insurance company liable for punitive damages awarded against the principal on a bond issued by the insurance company as surety. The surety on a financial responsibility bond issued in accordance with Ohio Revised Code Chapter 4509 is liable for payment of compensatory damage judgments only and is not required to pay a judgment for punitive damages awarded against its principal.

"II. The trial court erred in granting judgment for plaintiff on its supplemental complaint which sought to hold defendant insurance company liable for punitive damages awarded against the principal on a bond issued by the insurance company as surety inasmuch as the bond provided for the payment of judgments of the nature and in the amounts set forth in Ohio Revised Code Chapter 4509 only and inasmuch as that code chapter relates only to compensatory damage judgments and not to punitive damage judgments."

Since the assignments of error are interrelated, they may be dealt with together. Appellant contends that the language of R.C. 4509.20[2] covering the

---

[1] The panel also found for plaintiff Debra Troyer in the amount of $200 as property damage to the automobile driven by her sister. This claim was later dismissed by the trial court on March 31, 1981.

[2] R.C. 4509.20 pertinently reads:

"(A) A policy or bond does not comply with divisions (A)(5), (A)(6), and (A)(7) of section 4509.19 of the Revised Code unless issued by an insurance company or surety company

required amounts of insurance or bond only creates liability in the surety for compensatory and not punitive damages.

A bond is to be construed as a contract between the parties and interpreted in accordance with its terms. *City Loan & Savings Co.* v. *Employers' Liability Assur. Corp., Ltd.* (N.D. Ohio 1964), 249 F. Supp. 633, affirmed (1966), 356 F. 2d 941, citing *First National Bank of Van Wert* v. *Houtzer* (1917), 96 Ohio St. 404. The bond in the instant case, by its own terms, was not to extend the liability of the surety beyond that required by R.C. 4509.01 to 4509.73.

R.C. 4509.20 states that the bond must be in an amount of not less than $12,500 for bodily injury or death to one person in any one accident in which the principal is liable. By reference to bodily injury or death the statute contemplates liability in the surety for compensatory damages only. Punitive damages are not awarded for the incident of injury, but are awarded due to the aggravated circumstances apart from or surrounding the injury or the actions of the party causing the injury. Hence, compelling the surety in the instant case to pay these punitive damages would be extending the liability required by R.C. 4509.20, a result explicitly rejected by the terms of the bond itself. Moreover, punitive damages are not generally recoverable from a surety, but must be obtained from the prin-

cipal. See *Ohio Cas. Ins. Co.* v. *Hunt* (1936), 22 Ohio Law Abs. 79.

Accordingly, appellant's assignments of error are sustained.

Judgment is reversed and final judgment is rendered for appellant on the award of punitive damages in the supplemental complaint.

This cause is reversed and remanded to the court of common pleas for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

DAY, P.J., and CORRIGAN, J., concur.

---

authorized to do business in this state, except as provided in division (B) of this section, or unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than twelve thousand five hundred dollars because of bodily injury to or death of one person, to a limit of not less than twenty-five thousand dollars because of bodily injury to or death of two or more persons in one accident, and, if the accident has resulted in injury to, or destruction of property, to a limit of not less than seven thousand five hundred dollars because of injury to or destruction of property of others in any one accident."